## ROSS COON *vs.* BARNARD BRICKETT.

If a lease contain a condition for the re-entry of the lessor on non-payment of rent; and, after a formal re-entry for non-payment, the rent in arrear is paid and accepted, the forfeiture is waived.

Whether rent, when secured by note, must be demanded on the land, before the lessor can re-enter for its non-payment? qu.

THIS was trespass *quare clausum*, for that the defendant, on the 9th of September, 1818, entered a certain close in Haverhill, and carried away a quantity of garden vegetables, which, with the close, were alleged to be the property of the plaintiff.

At the trial here, in May, 1819, on the general issue, it appeared, that the title of the close was in the plaintiff, and the vegetables were removed while he was in possession.

But the defendant proved, that, April 1st, 1817, the plaintiff demised to him the close for five years, at a rent of $50 a quarter, the payment of which was to be made at the end of each quarter, by taking up a note for that sum, as twenty notes, payable, as the rent became due, were then executed ; and it was further stipulated, that on a failure to pay the rent quarterly, the plaintiff might re-enter, and the lease should become void.

The defendant entered under the lease, and remained in possession till August 17th, 1818, when he left the premises, and the quarter's rent due in July, 1818, not having been paid, the plaintiff took possession of the house, and claimed to hold it for non-payment of the rent. The plaintiff, however, did not prove that a demand for that quarter's rent was made at the time it became due, or upon the premises ; and

it further appeared, that before the defendant removed the vegetables sued for, he offered payment of the rent for that quarter, which payment was accepted, and the note given up.

On these facts a verdict was, by consent, returned for the plaintiff, subject to further advisement.

*Nelson,* counsel for the plaintiff.

*Bell,* for the defendant.

WOODBURY, J. It is somewhat questionable, whether such a demand was made for the rent in this case as would entitle the plaintiff to enter for condition broken. The niceties required in making such a demand are, at common law, numerous. *2 Maul. & Selw.* 526.—1 *Saund.* 237, *note* 16.—*Co. Litt.* 201-2.—7 *D. & E.* 119.—*Doug.* 485.—11 *John.* 1. —[17 *John.* 66, *Jackson vs. Harrison,* 18 *John.* 447.]

But however that may be, on the other point it is well settled, that after a knowledge of condition broken, and *before* a re-entry, an acceptance of the rent in arrear is a waiver of the forfeiture, and an admission that the tenancy is still to continue. 3 *Co.* 65, *Penant's case.*—*Cr. El.* 553, 572, *Hanover vs. Oswell.*—2 *D. & E.* 425, *Gregson vs. Harrison.* —*Plow.* 133, *Browning vs. Beston.*—*Doug.* 57, *Kinnersly vs. Orpe* —[18 *John.* 183.]

The present case does not come within an exception to this principle, that the forfeiture is not waived by acceptance of the rent, when the lease is *ipso facto* void, and not merely voidable, for breach of the condition ; because the lease here was not to become void, except on a breach and re-entry.(1) This lease then having been voidable, the acts of the lessor could confirm as well as annul it ; and, on principle, we think, that those acts, *after* a re-entry should have an operation similar to what they possess *before* a re-entry.

It is unjust, that the lessor should receive both the penalty and the rent ; or, in other words, should accept the performance of the condition, and retain also the forfeiture for its non-performance.

In England, therefore, by the 4th George II., it has been enacted, that if the lessee after judgment in ejectment against

(1) Co. Litt. 215, a.—Cr. El. 220, &c.

him, pay the rent and costs within six months, he shall be permitted again to enjoy the land under the old lease ; and if he pays it at any time before judgment, the proceedings against him shall be stayed.(1)

We do not know, that this statute has ever been expressly adopted here ; but, as the essential principles of it were previously in force by the practice of their courts, from which practice in the absence of any statute or usage, our practice is derived ; and as those principles are highly just, we shall not hesitate to enforce them.

The entry in this case by the plaintiff was a mere formal one, like that which tenants are obliged to confess in eject-ment ; and long before the 4th of George II. the lessor, after such entry, was required, on tender of the arrears, to discon-tinue his suit, and permit the lessee further to enjoy the premises.(2)

In this case, the voluntary receipt of the rent in arrear, after a mere formal entry, was a receipt of that for which he entered, and may, therefore, well be deemed an assent to the termination or abandonment of the entry, and a con-tinuance of the lease.

No language was then used to rebut this inference, and the acceptance of the money from the tenant, without any intimation of an intent to continue to hold the land would be a deceit, which is not to be countenanced.

Under these circumstances, therefore, we think the tenant was justified in his subsequent acts of gathering and remov-ing the garden vegetables, which he himself had planted and cultivated ; and it deserves remark, that this conclusion is fortified, and not in terms contradicted by any of the nu-merous authorities, which lay down the doctrine generally, that after non-payment of rent, an acceptance of it, without discriminating whether before or after entry, is a waiver of the forfeiture. *Vide authorities ante.**

*Verdict set aside, and new trial.*

Coon
*vs*
Brickett.

(1) Bac. Ab. " Leases," T. Bul. N. P. 97.

(2) Salk. 597, Downes vs Turner(cited.) –2 Str. 900

---

* 1 Brod. & Bing. 200, Graham, J.