ALBANY,<br>January, 1821.<br><br>REMSEN<br>v.<br>CONKLIN.

Judgment for the plaintiff.

———■※◀———

REMSEN, surviving Executor of R., *against* CONKLIN.

THIS was an action of covenant for the non-payment of rent. The declaration was on a lease of a lot of land in *Oneida county*, from the executors of *R.* to one *James Farr*, who assigned the same to the defendant, dated the 19th of *August*, 1794. The covenant was as follows: " Yielding and paying, &c. yearly, and every year, (after four years from the 1st of *August*, 1794,) upon the first day of *February* in every year, at such place in the city of *Albany*, as the said parties of the first part, their heirs or assigns, shall, for that purpose, from time to time, appoint, the yearly rent of ninety-two bushels, and four-fifths of a bushel, of good merchantable winter wheat." The plaintiff averred, that after the making of the lease, and the assignment to the defendant, to wit, on the 1st of *February*, 1819, a large quan-tity of wheat, to wit, two thousand bushels of winter wheat, of the value of two thousand dollars, for the rent aforesaid, for twenty years, became, and were in arrear, and unpaid, &c. ; and that the defendant, though often requested, &c. has not kept the said covenant, but has refused, &c.

*Where a les-sor proceeds for a forfeiture, or to enforce a penalty, he must show a de-mand of the rent on the ve-ry day it was payable. But where the rent is payable on the land, and he brings an ac-tion of cove-nant, or pro-ceeds by dis-tress to recover the rent, he need not show a previous de-mand, although the rent was payable on de-mand. And it is a good de-fence for the tenant, that he was ready on the land to pay; but that the les-sor was not there to re-ceive the rent. But if the rent is payable at a place off the land, and there is a clause of distress, in case the rent, being lawfully demanded at such place, is in arrear, the lessor cannot distrain without a previous demand of the rent.*

*In a lease of land in the county of Oneida, the rent was reserved in wheat, to be delivered annu-ally, at such place in the city of Albany, as the lessor should appoint; Held, in an action of covenant for arrears of rent, that it was the duty of the lessor to appoint the place in Albany, and give notice thereof to the lessee ; and that, in default of such appointment and notice, the rent was payable on the land; and, therefore, the lessee should plead a tender, or that he was ready on the land to deli-ver the wheat, &c.*

The defendant pleaded in bar, that the plaintiff had not, from time to time, or at any time, appointed a place, in the city of *Albany*, for the defendant to pay the rents, &c. to wit, on the first day of *February* in each year, with a verification.

To this plea, there was a general demurrer and joinder.

*N. Williams*, in support of the demurrer; 1. The plea contains no prayer for judgment which is held to be necessary. (1 *Chitty Pl.* 538, 539. 2 *Chitty Pl.* 422.) This is a defect in substance. (1 *Chitty Pl.* 445. 1 *Tidd Pr.* 597. 598, 599.) Without a prayer for judgment, there is no proper conclusion to the plea. (*Co. Litt.* 383.)

2. Is the plaintiff to lose his rent because he omitted to appoint a place in *Albany* for the delivery of the wheat? The defendant does not say, that he was ready in *Albany* to deliver the wheat; or that he was ready to deliver it at any place whatever.

As no place in *Albany* was appointed, it was the duty of the tenant to seek the landlord, and find out from him where he wished to have the wheat delivered. In other cases of covenant, as to deliver wheat, timber, &c. where no place of delivery is fixed, the obligor is not bound to carry it about, but must go to the obligee, and find where he will have it, and there it must be delivered : (*Co. Litt.* 210. b.) Or, if the defendant was desirous to pay the rent, and to deliver it at *Albany*, he might have deposited it there in store, subject to the order of the plaintiff, and that would have been a good defence in this action.

3. There being no place appointed off the land, for the payment of the rent, and which is at the option of the landlord, it was payable on the land, and the defendant was bound to aver, and prove a tender of it there. (*Co. Litt.* 210. b. 211. a.) Without showing a tender, or, at least, a readiness to perform, the plea is no bar. It is not necessary for the landlord, unless he means to proceed for a forfeiture, to demand the rent. (4 *Bac. Abr. Rent.* I.) The party bound, must be ready to perform, and that must be averred and proved. (7 *Johns. Rep.* 24. 5 *Johns. Rep.* 119.)

Again ; this may be considered as a privilege and benefit

of the landlord, and, as such, may be waived by him. If
waived, it is the same as if nothing had been said in the lease as to the place of delivering the wheat, and it must be de-
livered on the land.

3. This is not a condition, which must be expressed by apt words. (*Sheph. Touchst.* 160. *Woodfall, Ten.* 316.) If the proviso, or condition, be the words of the lessee, to compel the lessor to do something, it is a covenant, not a condition. At most, this is an independent covenant. It is not a condition precedent. (1 *H. Bl.* 373. 6 *Term Rep.* 573. 8 *Term Rep.* 373. 375. 10 *East Rep.* 295.) The reason of the doctrine on this subject is, that where the defendant has enjoyed a principal part of the consideration for which he entered into the covenant, it would be unjust, because there was a failure in a small part, for which he has an action for damages, that he should be allowed to enjoy what he has received, without paying for it. (1 *Saund.* 320. c. 1 *Chitty Pl.* 314. 7 *Johns. Rep.* 249.) Here, the tenant has enjoyed the premises for twenty years under this lease, and has paid no rent. He has sustained no damage, or inconvenience, from there being no place appointed by the lessor, for the delivery of the wheat. Is the plaintiff to be for ever barred from receiving this rent, because he did not appoint a place for its payment?

*Kirkland*, contra. If the plea is bad in form, for want of a proper conclusion, the defendant should have demurred specially. But it is unnecessary to examine that objection, for the declaration is bad. This case is to be decided on general principles, rather than by the analogy of particular cases. If we look at the plain intent of the parties, and the good sense of the contract, there can be no difficulty. The lessee had a right to wait until the lessor had designated a place for the delivery of the wheat. He could not perform his covenant without some act previously done on the part of the lessor. The cases cited as to the general rule, in regard to covenants, dependent or independent, are not applicable to the present case. This was, at least, a *quasi* condition precedent, and the lessor was bound to inform the lessee of the place in *A.* where the rent was to be paid, or

the wheat delivered.    Until this precedent act was done by the lessor, there was no *duty* on the part of the lessee, for the non-performance of which the lessor could have an action.   (*Ramsay* v. *Alexander*, *Yelv*. 76.   3 *Salk*. 308. 309. 310.)    That the lessor has slept on his rights for twenty years, can be no reason for adopting any new rule of construction in his favour.

SPENCER, Ch. J. delivered the opinion of the Court. There is a distinction running through the books between a proceeding by the lessor, with a view to a forfeiture of the estate of the tenant, or to impose a penalty on him, and a proceeding to recover the rent in an action of covenant, or by distress.   In the two former cases, there must be a strict demand of the rent on the very day it is payable.   In the latter cases, there need not to be a previous demand, although the rent be payable on demand.    But in such case, the rent must be payable on the land ; and then it would be a good defence for the tenant, that he was ready on the land to pay, had the lessor been there to receive it.    There is another distinction ; if the rent be payable at a place off the land, with a clause, that if the rent be behind, being lawfully demanded at the place off the land, and a distress is given, the lessor cannot distrain without a previous demand.    *Bac. Abr. Rent,* (I.)

I am inclined to the opinion, that as the rent was in this case payable at such place in the city of *Albany* as the lessor should, from time to time, appoint, and this being for the benefit of the landlord, and to the prejudice of the tenant, that it became the duty of the landlords, if they would have the rent payable there, to make the appointment, and give notice to the defendant; and in case this appointment was not made and notice given, the consequence would be, that the defendant would be absolved from delivering the wheat in *Albany ;* but still he would be bound to deliver it on the land, for rent issuing out of land, where no place is appointed, is payable on the land ; (1 *Inst.* 210, 211.   *Bac. Abr. Tender,* (C.) and hence, it became necessary for the defendant to plead a tender, or a readiness to deliver the

wheat upon the land.    The plea not having stated this, is

bad.

Judgment for the plaintiff, with leave to the defendant to amend, on payment of costs.