## MARY M'MURPHY *versus* JAMES MINOT.

In an action of covenant for rent, no demand is necessary. But if the lessor proceeds for a forfeiture or to enforce a penalty, a demand is necessary.

Rent is not inseparably incident to a reversion, but may be reserved in cases where the whole estate is granted.

He who takes an assignment of the whole estate of a lessee by way of mortgage, is liable on a covenant for the payment of rent, although he has never actually entered under the mortgage.

But he is only liable for the rent which becomes due after he takes the mortgage.

THIS was an action of covenant broken on an indenture made the 12th July, 1811, by which the plaintiff demised to Seth Daniels, a certain tract of land to hold during her natural life, and the said Daniels covenanted with the plaintiff to pay her, on the first day of May, annually, a rent of $30.

The action was brought against the defendant, as assignee of Daniels, for the said rent from 1st May, 1817, to the 1st May, 1825, and was submitted to the decision of the court upon the following statement of facts.

The indenture was made as stated in the declaration, and Daniels having entered under it, afterwards conveyed all his estate to one Gilman Dudley, who, on the 3d April, 1822, conveyed the land to the defendant in fee and in mortgage. Dudley remained in possession and took the profits until his death in October, 1822, and after his decease his administratrix remained in possession, taking the profits until April, 1824. On the 16th April, 1824, a tenant entered upon part of the land under an agreement with the defendant to pay rent to him in case the land was not redeemed.

On the 23d April, 1825, the administratrix of Gilman Dudley conveyed to the defendant the right in equity to redeem the land mortgaged as aforesaid, and the defendant's said tenant has been in possession of the whole tract from that time to the commencement of this action, on the 22d March, 1826.

All the interest which the plaintiff ever had in the land was an estate for her own life, and the reversion was in Daniels.

*Bell*, for the plaintiff.

The assignee of the lessee is bound to perform all the covenants which are annexed to the estate ; for the assignee, by the acceptance of the possession of the land, makes himself subject to all the covenants that run with the land, of which repairing is one, building another, to pay rent a third. Woodf. 278 ; 1 Chitty, 35–36.

Under an absolute assignment of the term the assignee may be sued before he has taken actual possession. For by the assignment the title and possessary right pass, and the assignee becomes possessed in law. Woodf. 279.

So a mortgagee, though not in possession, is liable to perform covenants in a lease. For a mortgagee is not liable to perform on the score of possession, but as assignee, and his liability is not limited by his possession, but continues as long as he has the legal estate. Woodf. 279–287, and 84–85.

Upon a covenant running with the land, which must concern real property, or the estate therein, the assignee of the lessee is liable to an action for a breach of covenant after the assignment of the whole to him, though he has not taken possession. 1 Chitty's Pl. 35–36 ; 3 Wilson, 25 ; 2 Saund. 304, note 12.

The principle, that a mortgagee is liable only in respect of his possession, seems to be no longer recognized either in a court of law, or of equity. Woodf. 85.

The assignee is liable only while he continues in possession, except in the case of rent, for which, though he

assign over, he is notwithstanding liable as to arrears incurred before, as well as during his engagement. Woodf. 279–287, and 84–85.

M'Murphy
*v.*
Minot.

The plaintiff claims in this case the rent for nine years, from 1816 to 1825.

*Upham*, for the defendant.

It is contended that the defendant is liable in this case for rent which became due before the land was conveyed to him. But this doctrine seems to be overborne by authorities, if its manifest injustice is not a sufficient refutation of it. It is laid down in the books, that although the assignee be named in the original covenant, yet if it has been broken before assignment, no action will lie against him, the breach being complete before the assignment. 1 Salk. 199, *Grescot* v. *Green* ; 1 Bl. Rep. 351 ; 3 Burr. 1272.

At law, the assignee is liable only for rent actually incurred, or covenants broken during his possession. 1 Freem, 336 ; 3 Salk. 10 and 47 ; Carthew, 177, *Tovey* v. *Pitcher* ; 4 Mod. 71 ; 3 Coke's Rep. 22, *Walker's case* ; 1 Salk. 81 ; Fonbl. 359 ; Strange, 1221 ; Buller's N. P. 159 ; 1 B. & P. 21 ; 4 Dane's Ab. 43, 50, 339.

In this case the defendant is only a mortgagee, and it has been solemnly decided that a mortgagee is not liable until he has actually entered and taken possession. Doug. 455, *Eaton* v. *Jaques*, and 461, note, *Walker* v. *Reeves*. The defendant is therefore liable, if liable at all, only for the rent which has become due since he entered.

But Daniels, the original lessee at the time the lease was executed, owned the reversion, and on taking the lease became seized of the whole estate in fee simple. We therefore contend, that the term is merged in the fee, 2 Bl. Com. 177, and that the principle of *Webb* v. *Russel*, 3 D. & E. 393, applies and the rent is extinguished.

It is also contended that this action cannot be supported against an assignee until the rent is demanded upon the land. Yelv. 37.

RICHARDSON, C. J.   It has been urged in behalf of the defendant in this case that the plaintiff is not entitled to recover any thing, because the rent was never demanded of Minot.   The law on this point is well settled. When a lessor proceeds for a forfeiture or to enforce a penalty he must show a demand of a rent on the very day it was payable.   But in an action of covenant no demand is necessary.   18 Johns. 447 *Remson* v. *Conklin*; Com. Dig. "Rent," D. 4 ; 2 N. H. Rep. 163, *Coon* v. *Brickett*.

We are therefore of opinion that this objection to the action cannot prevail.

It has also been urged that this action cannot be maintained, because the particular estate and the reversion having become united in the same person, the particular estate is merged and the rent extinguished.   Had the rent in this case been incident to the reversion it is clear that this action could not be maintained.   2 N. H. Rep. 454, *York* v. *Jones*.   But it is well settled that the rent is not inseparably incident to a reversion.   Coke Litt. 143 and 47. *a* ; 2 Bl. Com. 176.

Rent may be reserved upon a grant of a man's whole estate in which case there can be no reversion.

The case of *Webb* v. *Russell*, 7 D. & E. 393, which has been cited by the defendant's counsel does apply in this case.   It was there held that where rent is incident to a particular reversion, when that particular reversion is merged, the rent is extinguished.   But in this case the rent was never incident to the reversion.   The plaintiff granted her whole estate reserving a rent, and she had no reversion to which it could be incident.

In order to maintain this ground it must be shown that when he who has a reversion takes a lease of the particular estate and covenants to pay rent, such rent is extinguished by the union of the particular estate and the reversion.   But this proposition cannot be sustained by any reason or authority, and we are of opinion that this ground of defence fails altogether.

M'Murphy
v.
Minot.

But it is further contended on the part of the defendant that being only a mortgagee he cannot in any event be held liable for the rent until he took possession under the mortgage, and the case of *Eaton* v. *Jaques*, Doug. 438, is cited as an authority. But that decision has been long questioned, 7 D. & E. 312, and in 1819 the question came before all the judges of England, and a great majority were of opinion that when a party takes an assignment of a lease by way of mortgage as a security for money lent, the whole interest passes to him and he becomes liable on the covenant for the payment of rent, though he has never occupied or become possessed in fact. 1 Brod. & Bing. 72, *Williams* v. *Bosanquet et a.*

In this state it has been repeatedly decided that a mortgage in fee vests in the mortgagee the whole legal estate ; the necessary consequence of which seems to be that such a mortgagee must be liable for the performance of covenants running with the land. And we think in this case the defendant is liable for any rent that became due after his mortgage was executed.

In considering this case, the question occurred to us whether the liability of the defendant could be affected by the circumstance that the rent was reserved upon a grant of the freehold, while the conveyance to him was in fee. But we find that it has been decided that covenant will lie against the assignee of part of an estate for not repairing his part, for it is divisible and follows the land. Cro. Car. 222 *Congham* v. *King* ; 2 East, 580.

And we are not able to discover any reason why he who takes a larger estate should not be bound by a covenant running with a less estate which is parcel of the larger.

On behalf of the plaintiff it has been argued that the defendant is liable in this action, not only for the rent which has become due since he became owner of the land, but the rent which became due before that time.

The cases which have been cited by the defendant's counsel seem to show that the law is not so.

M'Murphy
*v.*
Minot.

It is another argument in favor of the defendant, that when the action is against an assignee, it is usual to allege in assigning the breach of the covenant, that the breach happened after the assignment. 2 Chitty's Pl. 191 ; Lilly 134 ; 6 Johns. 105, *Dubois* v. *Van Orden* ; Carthew, 177 ; 2 Ventris, 231.

It is said in Woodfall, 274 and 338, that an assignee is liable for arrearages of rent incurred before, as well as during his enjoyment ; but he cites no case in which it has been so decided, and offers no argument in support of the propositions, and we are of opinion that this is not law, and there must be judgment for the plaintiff for the rent which has become due since the 3d of April, 1822.

*Judgment for the plaintiff.*