## JONES & a. *vs.* REED & a.

Where, by the terms of a lease, the rent is payable on a day certain, in order to create a forfeiture it must be demanded on the premises, and on the day prefixed.

A demand for rent must be made in the afternoon of the day prescribed, and a sufficient length of time before sunset to enable the money to be counted and received.

A lease provided that if the rent should be unpaid for a year after it should become due, the lessor might reënter, and all the right of the lessee should become extinguished. The rent was demanded on the day prefixed, but was not paid. In the course of the year the arrears of rent were tendered to the lessor. —*Held*, that the lease was not forfeited.

WRIT OF ENTRY, to recover possession of a tract of land situated in Lempster, being a part of lot number 61, drawn to the right of the Society for the Propagation of the Gospel in Foreign Parts. The case was submitted to the decision of the court upon the following facts, agreed to by the parties.

On the 20th day of February, 1829, Isaac Hubbard, as Agent for the Trustees of donations to the Protestant Episcopal Church, leased a tract of land, including the demanded premises, to Isaac Dodge, to hold for the term of nine hundred and ninety-nine years, to him and his assigns. The lessee covenanted to pay a certain rent on the 17th day of February in each year, " to the treasurer of the trustees for the time being, or to his agent or attorney, demanding the same upon the demised premises," and the lease contained the following clause : " In case the said rent shall be in arrear and unpaid for the space of one year after the same shall become due, it shall be lawful for the said trustees themselves, or either of them, or by any agent they may appoint, to reënter the premises, or any part thereof, in the name of the whole, and thereupon all the right of the lessee by virtue of this instrument shall be utterly extinguished."

On the 1st day of April, 1830, Dodge assigned all his interest in the lease to the defendant Reed. Towne, the other defendant, is in possession of the premises as tenant to Reed.

The demandants claim title to the premises by virtue of a lease from Isaac Hubbard, agent as aforesaid, dated on the 18th day of April, 1843.

The evidence of a demand of the rent was as follows : Isaac Hubbard, the agent, entered upon the premises for the purpose of collecting the rents, on the 6th day of February, 1838, on the 2d day of July, 1839, on the 3d day of July, 1840, and on the 6th day of October, 1842, but found no person to pay them. He requested a person who occupied a store on the land, to pay the rent, but he declined to do so.

Between one and two o'clock in the afternoon of the 17th day of February, 1843, Hubbard entered the tavern of a Mr. Horsley, upon the premises, and a little before sunset, in the barroom, and at the outer door of the house, demanded the rent due on the 17th of February, 1842, and also the rent due on the day of the entry, and all other rents due on the lease from Dodge, stating that there were six rents due on the lease in all. He remained at the tavern until six o'clock. No one offered to pay the rent and he returned home. After this and before the 12th

of April, the defendant Reed called at Hubbard's house. He did not offer to pay the rent, and said that he did not think himself liable for it, as he had not guaranteed any thing. On the 12th of April, Hubbard leased the premises to the demandant ; and in the fall of 1843, Reed tendered to him the rent in arrear due on the lease to Dodge.

Before the commencement of this suit the demandants entered upon the premises and claimed the possession thereof, which was refused.

The question submitted to the court was, whether there had been a forfeiture of the lease to Dodge ; and it was agreed that judgment should be rendered for the demandants or for the tenants, as the opinion of the court might be upon that question.

*Leland,* for the demandants. The question for the consideration of this court is, whether, from the statement of facts and the construction of the defendant Reed's lease, there had been a forfeiture.

Dodge, the original lessee, covenants on his part to pay, on the 17th day of February, each and every year, one dollar rent, to be paid to the treasurer or agent of the society, " *demanding the same upon the demised premises.*"

And in case the said rent shall be in arrear, and unpaid for the space of one year after the same shall become due, it shall be lawful for the trustees " or their agent to reënter the premises," &c.

By the assignment to Reed, Reed covenants to perform all Dodge's covenants in the lease, &c.

By the express terms of the lease, the rent is to be demanded on the premises. To work a forfeiture, whether so expressed or not, a demand on the premises for the rent in arrear on the day it falls due, is necessary. 8 *N. H. Rep.* 477, *Sperry* vs. *Sperry.* But for the purpose of maintaining a suit for the recovery of the rent, a demand on the day the rent falls due is not necessary. 4 *N. H. Rep.* 251, *McMurphy* vs. *Minot.*

It is not necessary that the rent be demanded on the premises on the day it falls due, one year before an entry for a forfeiture.

It is sufficient if the rent is in *arrear* and *unpaid* for the space of one year after a demand on the premises, made on any other day.

The case finds that the lessors entered upon the premises to collect the rents in arrear, February 6, 1838, July 2, 1839, July 3, 1840, October 6, 1842, and on February 17, 1843; the day the rent fell due, for the purpose of taking a forfeiture; that at the time of the entry for forfeiture there were six years' rents due, so that the rents had been due for the space of more than a year before the entry for the forfeiture.

If there was a forfeiture on the 17th February, 1843, then the legal rights and possessions revested in the original lessors, and the lease to these plaintiffs conveyed a good seizin in law and in fact, sufficient to maintain this suit. 8 *N. H. Rep.* 512, *Enfield* vs. *Permit*; 3 *Ditto* 274, *Bailey* vs. *March.*

*Metcalf*, for the tenants. This is an action of ejectment, brought by the lessee against the tenants in possession, who claim under a prior lease, both parties claiming from the same lessor; and the only question arising is, whether there has been a legal forfeiture of the lease assigned to Reed by Dodge, the original lessor.

The facts are all to be found in the statement of Isaac Hubbard, which, together with the two leases, and the assignment of the oldest lease to Reed, make a part of the case.

We say the lease was not forfeited, for there never was any legal demand of the rent prior to February 17, 1843, nor do we admit the demand then to have been legally made. All the pretended demands made prior to said February 17 were of no avail in working a forfeiture; not having been made *on the day* the rent became due and payable, nor in a manner required by law. If the lessor exacts the pound of flesh, he must be sure that he has done all, and done it in a manner that is required of him, before he can safely attempt to take it. This he has not done in the case before us.

In the first place, the demand must be made on the day the rent becomes due. *Co. Litt.* 2016–2020; 7 *Coke* 28, *Maund's*

*Case; 7 D. & E.* 117.   This case is fully to the point.   2 *Doug.*
483 ; 17 *Johns.* 66 ; 1 *Saund.* 287, *note* 16, *and cases there
cited ; 5 Dane's Abr., ch.* 151, *art.* 12, *p.* 324 ; 2 *N. H. Rep.*
163 ; 4 *Ditto* 251 ; 8 *Ditto* 477.

The demand must be made, though no one is present on the
premises ready to pay it.   *See case from Saunders, cited above.*

The *precise sum due* must be demanded.   *See same case from
Saunders.*

This is one objection to the demand of February 17, 1843, as
well as to the others.

If there is a dwelling-house on the premises, the demand must
be made at the *front door* of the house.   *Same case from Saun-
ders, and authorities there cited.*   It is not pretended that it was
so done here prior to February 17, 1843.

If the demand made February 17, 1843, was legally made,
the rent in arrears was all tendered to Mr. Hubbard before the
expiration of a year, which saves the lease from forfeiture, by
the terms of it.

An action for rent might be maintained on the covenant,
where a neglect to pay would not incur a forfeiture.

The act of 4 *Geo.* II. is not in force in this State.   2 *N. H.
Rep.* 163.   Even if it were, it would not affect this case.   We
have no process of distress in this State, and if we had there
was a sufficiency on the premises.

The policy of the law is against forfeitures, and no remissness
on the part of reversioners will be tolerated to produce forfeit-
ures.

GILCHRIST, J.   By the terms of the lease to Dodge, the rent
is to be demanded upon the demised premises ; and the question
raised upon the facts stated is, whether a demand was made at a
proper time to cause a forfeiture of the lease.

In the case of *Cranley* vs. *Kingswell, Hobart* 207, it is said,
" but where a penalty or reëntry is joined to the thing, there
you cannot take advantage of the pain or forfeiture without a
demand at the very time prefixed."   *Grobham* vs. *Thornbo-
rough, Hob.* 82.   The demand ought to be made precisely at

Jones *v.* Reed.

the day, a convenient time before sunset. *Maund's Case*, 7 *Co.* 28. This rule of the common law has been adhered to by the more modern decisions. *Doe* vs. *Wandlass*, 7 *T. R.* 117. In pronouncing the judgment of the court in the case of *Jackson* vs. *Harrison*, 17 *Johns.* 70, Mr. Justice *VanNess* said, " this is a proceeding at common law, and the claim of the plaintiff being *stricti juris*, all the niceties required by the common law must be complied with. There must be a demand of the rent on the last day, a convenient time before sunset." In that case the demand was in the afternoon, at the house of the lessee; and it was held that upon such a demand the right to reënter did not accrue. It is said by the court, " the agent says he made the demand ' in the afternoon.' Now this may have been immediately after 12 o'clock, and a demand at so early an hour would not be good. ' The last time of the demand of the rent,' says Lord Coke, ' is such a convenient time before the sun setting of the last day of payment, as the money may be numbered and received.' This may appear to be unnecessarily rigorous, and a sacrifice of substance to form; but when it is considered that the consequence of a proceeding of this kind is the forfeiture of the tenant's whole interest under the lease, every necessary form which the law has prescribed must be most scrupulously observed." *Remsen* vs. *Conklin*, 18 *Johns.* 450 ; *McMurphy* vs. *Minot*, 4 *N. H. Rep.* 251 ; *Sperry* vs. *Sperry*, 8 *Ditto* 477.

These rules thus recognized show that all the demands for rent prior to that on the 17th of February, 1843, were insufficient for the purpose of creating a forfeiture of the lease. Supposing the demand on that day to have been sufficient, still the forfeiture is saved by the provision in the lease, to the effect that it shall not happen until after the rent shall have been unpaid for the space of a year, and after a reëntry by the trustees or their agent. All the rent due on the lease from Dodge having been tendered by Reed in the course of the year, there is no ground on which the lease can be considered as forfeited. There must, therefore, be

*Judgment for the tenant.*