McKEE, Respondent, *vs.* ANGELRODT, *et al.*, Appellants.

1. The assignee of a lease by way of mortgage is not liable to the lessor for rent, unless he enters into possession.

*Appeal from St. Louis Circuit Court.*

On the 19th day of April, 1849, McKee leased certain premises situated in St. Louis, to one Frederick Angelbeck, for a term of years. On the 18th day of April, 1851, Angelbeck assigned the lease in question to appellants, by way of mortgage, to secure appellants for certain advances by them made and thereafter to be made. McKee brought his suit to recover the rent due by the terms of said lease, which rent accrued after the date of the assignment by way of mortgage above mentioned. The suit was brought against Angelbeck, the lessee, and the appellants as assignees. Angelbeck, the

lessee, filed his answer, which, upon motion, was stricken out and judgment rendered against him for the amount claimed. Appellants filed a separate answer, setting up, amongst other things, " that the said lease was assigned to them only by way of mortgage, and that they have not now and never, at any time, have had any other assignment of the same, except as security by way of mortgage ; and that the appellants had never at any time had possession of the leasehold premises." McKee moved to strike out the answer of the appellants and for judgment. The court sustained the motion; whereupon the appellants asked and obtained leave from the court to file a further and amended answer, by which they set up as a defence to the action, that the said leasehold premises were only assigned to them by way of mortgage, and that they had never had possession of the premises, and that before the attempted assignment to them by way of mortgage, and on the 7th day of January, 1850, the said Angelbeck had assigned and transferred the said lease to Switzer, Platt & Co., who, thenceforth, became the legal assignees of the same, and still continue the legal assignees of the same. McKee moved to strike out this answer and for judgment, for the following reasons :

1. That the appellants were estopped from denying that they are legal assignees of Angelbeck, having signed the agreement by which the assignment by way of mortgage was made.

2. That the appellants, having put upon record an answer, under oath, stating that they are assignees, cannot now put upon record an answer stating that they are not assignees, without informing the court, under oath, that Switzer, Platt & Co., intentionally received, unknown to them, and now claim to hold the residue of the term of years, created in said lease, by virtue of an assignment from Angelbeck to said Switzer, Platt & Co. previous to the assignment to appellants.

3. That the assignment from Angelbeck to Switzer, Platt & Co. does not purport to be a conveyance of the deed of lease and the term thereby created, but only of an uncertain and undetermined interest.

4. Because judgment was rendered in favor of the plaintiff on the first answer, and defendants ought not to be permitted to file another answer, until after motion granted for a new trial.

The court sustained the motion and gave judgment for the plaintiff, and the case is brought here by appeal.

*C. B. Lord*, for appellants.

I. The assignee of a lease, who takes such an assignment only by way of mortgage, and who has not taken possession of the premises before the mortgage has become forfeited, is not liable to the performance of the lessee's covenants.

Assignments by way of mortgages, being merely conditional, are not considered as an actual transfer of the property, but as a security only for money. *Eaton* v. *Jaques*, Douglas, 460. (See note, Woodfall's Landlord and Tenant, 357.)

If a lessee for years, with covenants to repair, assigns to J. S., by way of mortgage, and *J. S. never entered*, he will not be compelled to repair, though he had the whole interest in him. *Sparkes* v. *Smith*, 2 Vernon, 275.

The assignee is only liable in respect to his possession; he bears the burthen while he enjoys the benefit and no longer. Douglas, 184, 460. Woodfall's Landlord and Tenant, 348.

In the case of *Eaton* v. *Jaques*, Douglas, 455, it was determined, that a mortgagee, assignee of a term of years, should not be liable on the covenants in the lease, unless he had taken actual possession.

In *Williams* v. *Bosanquet*, 5 Com. Law Rep. 72, this doctrine was overruled, and it has since been held in England. that the mortgagee is liable, although he never entered into possession, because he has the legal estate.

The decision in *Eaton* v. *Jaques* is quite as consonant to sound reason as the decision in *Williams* v. *Bosanquet;* at all events, the latter case can have no influence here; the liability of the mortgagee is put expressly on the ground of his having the legal estate. Whereas, here the legal estate is in the mortgagor, and the mortgagee has but a chattel interest. It

is on the strength of this last case that Chancellor Kent lays down the rule, that the mortgagee of the whole term is liable for payment of rent, whether he enter or not.

In the case, too, of *Williams* v. *Bosanquet*, the mortgage money was due and the mortgage had become absolute. (See 5 Com. L. R., opinion of Dallas, C. J., p. 77–8.)

*Again*, what privity of estate is there between lessor and assignee by way of mortgage, when the mortgage has not become absolute, and when the mortgagee has not taken possession and is not even entitled to the possession? In the case at bar, the assignee could not take possession until condition broken. There must be privity of contract or privity of estate; there was neither here.

The assignee must take the place of the assignor in *law* and in *fact;* in law, by taking the legal estate; in fact, by taking possession and receiving the rents and profits.

If the assignee assign over his term, he is not liable for the breach of any covenant, after such assignment. The privity of estate is gone. Douglas, 452. 2 Atkyns, 546. 4 T. R. 99. 8 ib. 61. 1 Bosanquet & Puller, 23. And the assignment will be good, though made to a beggar or to a erson leaving the kingdom. Douglas, 764. 1 Bosanquet & Puller, 23. Woodfall's Landlord and Tenant, 350.

It is now, I believe, universally held, in law and equity, that the mortgage is a mere security for the debt, and only a chattel interest. The mortgagor continues the real owner of the fee. 4 Kent, 161. He has not the legal estate. Laws 1845, sections one and three, and following. In *Crinion* v. *Nelson*, 7 Mo. Rep. 466, it was decided that a mortgage deed, under our statute, was no more than a bond to pay money, and might be assigned by parol, and that a mortgage did not carry the legal estate as in England. See, also, *Robertson* v. *Campbell*, 8 Mo. Rep. 616.

In *Walcop* & *Griswold* v. *McKinney's heirs*, 10 Mo. Rep. 230, the court seem to have adopted the doctrine laid down in 1 J. J. Marshall, 257, but seem to hold that after the

mortgage has become absolute, the mortgagee may maintain ejectment, but not till after forfeiture.

In New York, it is held that the assignee, by way of mortgage, is not liable upon the covenants. *Astor* v. *Hoyt*, 5 Wendell, 603. All the right, title and interest must pass out of the lessee to the assignee. Now, when the mortgagor is the real owner, can all right, title and interest be out of him? *Walton* v. *Cronly's Administrator*, 14 Wendell, 63, opinion of Sutherland, Justice. We think, therefore, that the court below erred in striking out the first answer.

II. By the amended and further answer filed by leave of court, we show that we could not take the estate, though we had a nominal assignment of the lease, because there was a prior assignment, absolute upon its face, to Switzer, Platt & Co., yet the court below decided that we were estopped from showing that fact as a defence, and that is error.

1. It is contended that we are estopped by the recitals in the deed of assignment. We think not. When a recital in a deed is intended to be the statement of one party only, the estoppel is confined to that party, and the intention is to be gathered from construing the instrument. Dart's Vendors and Purchasers of Real Estate, 254.

A general recital in a deed does not conclude a party. 5 Johns. Ch. Rep. 23, 26.

A recital in a deed founded in mistake, and untrue in fact, will not be allowed to operate by way of estoppel to exclude the truth satisfactorily shown to the court. *Stoughton* v. *Lynch*, 2 Johns. Ch. Rep. 209. In most of the cases where recitals are held to estop, it will be found that what is said to be recital, is so mixed up with the operative parts of the deed, that the estoppel will generally be found to refer to those parts rather than to matter of recital.

2. We surely are not precluded from showing the real nature of the estate, or whether there was any estate. *Gaunt* v. *Wainman*, 32 E. C. L. R. 42.

The signing of the deed admits its execution, but it is con-

sistent with the deed to show that nothing passed by it, or that the grantor was not seized at the time. Comyn's Dig. Estoppel (E. 3) page 205, vol. 4 of 1st Am. ed. from 5 Eng. edition. We are estopped from denying the deed, but not from denying its operation. *Hayne* v. *Maltby*, 3 Term Reports, 439.

A recital, to amount to an estoppel, must come from the party to be estopped. *Miller* v. *Bagwell*, 3 McCord, 429. Grantee is not estopped from denying that grantor had no title. *Averill* v. *Wilson*, 4 Barb. Sup. Ct. Reports, 180. As to the supposed estoppel·by the first answer, an estoppel must be certain to every intent. Co. Litt. 353 *b*, 303 *a*. Com. Dig. (E. 4) 205.

If, therefore, a thing be not directly and precisely alleged, it shall not be an estoppel, or if it be alleged by way of inference, a recital. Com. Dig. (E. 4) p. 205. 18 John. Rep. 490. *Averill* v. *Wilson* — (see opinion at page 188,) 4 Barb. Sup. Ct. Reports, N. Y.

Now what does the answer say ? " That the assignment to them was only by way of mortgage." Surely we are not estopped by that.

Estoppels are odious, because they tend to conceal the truth. We admit the assignment, but deny its effect. We have a right to show that the assignment was of no effect, by reason of the prior absolute assignment, so that we had not the legal estate, nor the possession, and are not bound to pay the respondent his rent.

It is not like the case put in the books of pleadings, where the party, by pleading over, admits the truth of what has gone before.

*McKee & Clover*, for respondent.

I. The Court of Common Pleas committed no error in giving judgment for respondent upon the original answer of the appellants. That answer did not set forth facts sufficient to constitute a valid defence to the action. When a party takes an assignment of a lease, by way of mortgage, as a security

for money lent, the whole interest passes to him, and he becomes liable for the payment of rent, though he never occupies, or becomes possessed in fact. *Williams* v. *Bosanquet, et al.*, 5 Eng. Com. L. Rep. 72. Platt on Covenants, 488. Coote on Mortgages, 118, 124. 4 Kent's Com. 144. *McMurphy* v. *Minot*, 4 N. H. 251. This is, unquestionably, a well established doctrine of the common law. It is founded upon the principle that the whole legal interest passes to the mortgagee, by virtue of the mortgage, and consequently gives to the mortgagee a right to the possession of the mortgaged premises.

The common law exists in this State without modification in this respect. It is adopted, generally, by express enactment, Rev. Stat. 1845, p. 593, and is incidentally affirmed in this particular by the act concerning mortgages, Rev. Stat. 1845, section 24, p. 753, wherein it is declared that the acknowledgment of satisfaction, upon any mortgage, shall have the effect to " revest in the mortgagor or his legal representatives, all title to the mortgaged premises ;" clearly indicating that by the execution of the mortgage, the title passes out of the mortgagor to the mortgagee. *Carr* v. *Holbrook*, 1 Mo. Rep. 172. *White* v. *Todd & Todd*, 10 Mo. Rep. 189. *Meyer* v. *Campbell, McNiff & Barnes*, 12 Mo. Rep. 615, 616. The mortgagee may maintain ejectment against the mortgagor, *Walcop* v. *McKinney's Heirs*, 10 Mo. Rep. 229. By an assignment of the whole term, the mortgagee takes the whole interest of the lessee, and, by accepting it, assumes all the relations of the latter towards the lessor. In the case at bar, this was understood and intended by the parties ; and the liability of the assignees, or mortgagees, to the lessor is expressed in the terms of the assignment, as a condition of the conveyance, as follows : " To have and to hold the said messuage to the said parties of the second part, (the appellants) and their legal representatives, for the residue of the term mentioned in said lease, under the yearly rents and covenants therein con-

tained, and on the part of the lessee to be done and performed."

II. The amended answer of the appellants was properly stricken out. The appellants cannot avail themselves of such a defence. They are estopped,

1. By the recitals and declarations contained in the deed of agreement and assignment. *Dickson* v. *Anderson*, 9 Mo. Rep. 156. *Stow* v. *Wyse*, 7 Conn. Rep. 214. *Jackson* v. *Parkhurst et al.* 9 Wend. 209. *Carver* v. *Jackson*, 4 Pet. U. S. Rep. 83. *Crane* v. *Lessee of Morris*, 6 Pet. U. S. Rep. 598. 1 Greenleaf on Ev. 26. 2 Starkie on Ev. 20, 437. Comyn's Dig. title " Estoppel." A party cannot set up title in another person contrary to a recital in his own deed. *Denn* v. *Brewer*, Coxe, 172. There can be no doubt that the respondent can take advantage of this estoppel by the deed ; for although not a party, he is privy to that instrument. He is so, because the execution of it by the appellants created a relationship between him and them, both a privity of estate and a privity of contract. *Williams* v. *Bosanquet*, 5 Eng. Com. L. Rep. 78. Bouvier's definition of the meaning, in law, of the term " privy," is conclusive upon this point. He says, " privies are persons who are partakers, or have an interest in any action or thing or any relation to another." Bouvier's Law Dictionary, title " Privies."

2. The appellants are estopped by the record from setting up the defence contained in the amended answer. In their original answer, which is a part of the record, and which was verified by affidavit, they admit that they were the assignees of Angelbeck as to the leasehold in question. The same parties cannot, in the same suit, be permitted to deny a fact which they have alleged or admitted. Stephen on Pleading, 197. 4 Comyn's Dig. 190. The Mary, 1 Mason's Rep. 365. In addition to grounds of policy, which heretofore existed for sustaining and enforcing the law of estoppel—1 Greenleaf on Ev. p. 26—the late Practice Act has introduced another, as to the record. The pleadings must be sworn to. As the parties,

therefore, would have to deny, under oath, what they once admitted under oath, to permit them to do so would be countenancing a practice immoral in the highest degree.

RYLAND, Judge, delivered the opinion of the court.

1. It will be seen from the foregoing statement of the case, that the main question for the decision of this court is in regard to the liability of a person to whom a lease has been assigned by way of mortgage, for the payment of rent to the lessor, without such assignee ever having possession of the premises leased. This question is embarrassed by authorities being found on both sides of it, both in the affirmative and in the negative. In the case of *Eaton* v. *Jaques*, Douglas, 455, Lord Mansfield and Justices Willes, Ashhurst, and Buller, held, that the assignee of the lease by way of mortgage, without having had possession, was not liable to the lessor for rent. Lord Mansfield said, numberless inconveniences would arise, if such a doctrine could be supported. The mortgagee never asks whether the rent be paid; he only looks to his security, and when the principal and interest be paid he re-assigns. But if the plaintiff is right, a mortgagee might be called upon years after such re-assignment, for arrears or breaches of covenant during the assignment. The consequences would be terrible.

Justice Buller declared, that even if the assignment were absolute, the action, in his opinion, would not lie without possession. He referred to Dane's Abridgment, title, "Rent," where the court declared that the ground upon which assignees are made liable, is because they have enjoyed the profits.

"In leases, the lessee, being the party to the original contract, continues always liable, notwithstanding any assignment. The assignee is only liable in respect to his possession of the thing. He bears the burthen while he enjoys the benefit, and no longer. To do justice between men, it is necessary to understand things as they are, and to construe instruments according to the intent of the parties. What is the effect of this

instrument between these parties ? The lessor is a stranger to it. He shall not be injured, but he is not entitled to any benefit under it. It was a mere security, and it was not, nor ever is, meant, that possession should be taken until default of payment, and the money has been demanded." Such is the language of Lord Mansfield in the case of *Eaton* v. *Jaques*.

In the case of *Williams* v. *Bosanquet and others*, Broderip & Bingham, 238, 5 Com. Law Rep. 72, the case of *Eaton* v. *Jaques* is overruled by a large majority of judges, who decide that when a party takes an assignment of a lease, by way of mortgage as security for money lent, the whole interest passes to him and he becomes liable on the covenant for payment of rent, though he has never occupied or become possessed in fact.

It is a principle of law, that the assignee of a lease is subject to the performance of all the covenants contained in such lease, so that where a lease is assigned by way of mortgage, the mortgagee would become liable to the covenants in the lease, unless a distinction were made between an absolute assignment and one by way of mortgage. This distinction was recognized in the case of *Eaton* v. *Jaques*, and though it was overturned in the case of *Williams* v. *Bosanquet*, it, nevertheless, has more of equity and good sense to support it, than the contrary doctrine.

It is well settled, as a general rule, that a mere legal ownership does not make the assignee liable in such cases, without some evidence of his possession or actual agency. This principle is clearly recognized in the law of shipping — the rule being settled that the mortgagee of a ship does not incur the liabilities of an owner, until he takes possession, or actively interferes in the employment of the vessel. *Chinnery* v. *Blackburne*, 1 Hen. Black. 117. *Briggs* v. *Wilkinson*, 7 B. & C. 30. *Westerdell* v. *Dale*, 7 Term Rep. 306. *Brooks* v. *Bondsey*, 17 Pick. 441. *Colson* v. *Bonzey*, 6 Greenl. 474. *McIntyre* v. *Scott*, 8 Johns. 159.

It seems to us the better opinion that the mortgagee of a term of years, who has not taken possession, has not all the legal right, title and interest of the mortgagor, and therefore is not treated as a complete assignee, so as to be chargeable on the real covenants of the assignor. The case of *McMurphy* v. *Minot*, in 4 N. H. Rep. 251, is an authority against this view of the subject. In this case, Richardson, Chief Justice, says, the case of *Eaton* v. *Jaques* has been long questioned, and cites 7 Term Rep. 312, and also the case of *Williams* v. *Bosanquet*.

The doctrine of *Williams* v. *Bosanquet* stands on purely technical principles. It is conceded that, if the assignee by way of mortgage have all the term of the lease except one month, or one day only, assigned to him, he is not liable. The whole interest and estate of the lessee would not pass by the assignment, if one day of the term still remained in him.

The doctrine in *Eaton* v. *Jaques* is founded in substantial justice and equity, and supported by strong common sense. Under the doctrine of *Williams* v. *Bosanquet*, a mortgagee might lose his capital and interest and still be compelled to pay rent without deriving a farthing from the estate. In the case before us, the lease was assigned by way of mortgage ; it was a mere security for the payment of money. The assignee never took possession ; it never entered into the heads of the assignees, that the mortgage to them, in order to secure the money due to them, made them liable to pay the rent under the lease. We hold, therefore, that possession in the assignee is necessary in order to create a liability to payment ; that the assignee must be in a situation to receive the benefits, before he can be made to suffer the burden. Possession is the mother of his liability, to borrow a maritime idea about freight and wages.

Greenleaf's Cruise on Real Property has afforded much light on this subject, title 15, Mortgages, chap. 2, page 110, note 1 ; and I have adopted and used the language of the courts and elementary works as far as suitable to the subject embraced

herein. I do not think it necessary to review the authorities any further on this subject. We have examined and compared many cases, and the conclusion we have formed is contained in this opinion.

The other judges concurring, the judgment of the court below is reversed, and the cause remanded.