SMITH, Respondent, *vs.* BRINKER & RIPPEY, Appellants.

1. A person who receives an *absolute* assignment of a lease is liable for the rent, whether he enters into possession or not.

*Appeol from St. Louis Court of Common Pleas.*

*R. M. Field,* for appellants, relied upon *McKee* v. *Angelrodt,* 16 Mo. Rep.

*C. C. Whittelsey,* for respondent. In this case, the assignment of the lease was absolute, and in that differs from *McKee* v. *Angelrodt.* The following authorities are relied upon. *Eaton* v. *Jaques,* 2 Doug. Rep. 453. *Walker* v. *Reeves,* ib. 461. *Astor* v. *Miller,* 2 Paige's Ch. R. 68. *Astor* v. *Hoyt,* 5 Wend. 603, 614. *Williams* v. *Bosanquet,* 1 Brod. & Bing. 238. *Burton* v. *Barclay,* 7 Bing. 745. *Pilkington* v. *Shaller,* 2 Vern. Rep. 374. *Sparkes* v. *Smith,* ib. 275. 1 Vesey, jr. 235. 2 Platt on Leases, 432.

RYLAND, Judge, delivered the opinion of the court.

Brinker was lessee under Smith of a tenement, reserving a certain rent. This rent Brinker covenanted to pay quarterly. Brinker took possession under the lease. Rippey, having a judgment against Brinker, had the estate and interest of Brinker in the leased premises sold by the sheriff, under execution, and bought it in himself and took a deed. The rents not being paid, Smith brought suit in ejectment against Brinker and Rippey, and in the same suit, claimed against Rippey the amount of rent accruing after his purchase of the premises

under execution, and against Brinker, the whole rent. To this suit Rippey answered, setting up as a defence, that he had never entered into possession, and that Brinker, who was in possession, had never attorned to him. The court, on plaintiff's motion, struck out this answer, and, giving judgment for the plaintiff, Rippey brings his appeal to this court.

1. The appellants' counsel relies, for reversing the judgment of the court below, on the case of *McKee* v. *Angelrodt*, decided by this court at its last term. In that case, the lease was assigned by way of mortgage ; "it was a mere security for the payment of money ; the assignees never took possession ; it never entered into the heads of the assignees that the mortgage to them, in order to secure the money due to them, made them liable to pay the rent for the lease. We therefore hold, that possession in the assignee is necessary, in order to create a liability to pay rent ; that the assignee must be in a situation to receive the benefits, before he can be made to suffer the burden. Possession is the mother of his liability." Such is the language of this court in that case.

The present case differs widely from that. Here, one of these defendants proceeds against the other to have his interest in property held under a lease, sold by the sheriff under execution, and becomes the purchaser, thereby acquiring all the estate and interest that the original lessee had. This purchase was not like the taking of a mortgage of the lease by way of security, but it was so far the payment of the debt. Now if the purchaser suffered the original lessee to remain in possession, it was his own voluntary act. The owner is entitled to pursue one or both for the rent ; and after the sale under execution, we think the purchaser liable for the after accruing rent, whether he had possession actually or not. We will not carry the doctrine of *McKee* v. *Angelrodt* any further, than it is there laid down. That was a mere security. There was not an absolute assignment of the lease, but a mortgage of it ; and before the mortgagee becomes in such a case liable for rent, he must have possession ; he must receive the benefits

before he should be made to bear the burden. The judgment of the court below, then, was proper, and the same is hereby, with the concurrence of the other Judges, affirmed.