Willi v. Dryden et al.

---o---

SAMUEL WILLI, Appellant, *vs.* THOMAS A. DRYDEN, *et al.,* Respondents.

1. *Supreme Court—Testimony, weight of—Written instruments, legal effect of.—* This court in law cases will not judge of the weight of testimony, but where the evidence consists of written instruments it will look into them to see whether they were interpreted and construed according to their legal effect.

2. *Leases—Assignment—Rent.—*One, who receives an absolute assignment of a lease, is liable to the lessor for rent.

*Appeal from St. Louis Circuit Court.*

*W. B. Thompson*, for Appellant.

The legal rule in the construction of written instruments, even where detached and separated, is to construe them as one writing. (15 Mo., 40 ; 7 Har. and John's 296 ; 18 Johns., 420.)

The assignment of a lease puts the assignee into the place the assignor with all the benefits and burthens attending the original lease, and the inherent covenants go with the land into whose hands soever the lands come. (Waldo vs. Hall, 14 Mass., 486.)

The same doctrine is the foundation of two decisions of Missouri which, so far as this doctrine applied, are decisive. (Blair vs. Rankin, 11 Mo., 441 · Smith vs. Brinker, 17 Mo., 148.)

*Dryden & Dryden*, for Respondents.

The instrument offered and read by the appellant in support of the alleged *sealed* contract between him and respondents was not a deed. (3 Washb. R. R. 236–3 and notes ; Arthur vs. Weston, 22 Mo., 378 ; Webster vs. Ela, 5 N. H. 540 ; Chenoweth vs. Mayo, 1 Breese, (Ils.) 155 ; Smith vs. Bridge, *Id.*, 2 ; Brown vs. Gilman, 13 Mass., 158.)

The only point is as to the finding of the court on the evidence.

This, this court will not review. (Papin vs. Allen, 33 Mo., 260.)

WAGNER, Judge, delivered the opinion of the court.

From the record it appears, that on the 23rd day of October, 1865, the plaintiff executed a lease of certain real estate in the City of St. Louis, to one Isaac H. Merritt.

The lease was for the term of eleven years, upon condition that the lessee should pay the lessor the annual sum of eight hundred and ten dollars in quarterly instalments, and in addition thereto should pay all taxes charged against the property. Merritt, the lessee, took possession of the premises, and

on the 19th day of July, 1866, assigned and transferred the lease to the Southwestern Freight and Cotton Press Company. The assignment by Merritt was conditioned that the company, should assume and perform all of the covenants and stipulations contained in the lease, and was in writing, and annexed to the same. Under this assignment the Cotton Press Company entered into possession of the premises, and paid the rents and taxes to the original lessor as long as it so remained in possession.

On the 24th day of March, 1869, the Cotton Press Company for a valuable consideration, made and delivered to defendants an assignment and transfer of the lease and the unexpired term thereof, which was also conditioned that the accruing rents, covenants, stipulations and conditions contained in the lease should be assumed and performed by the defendants.

This assignment was also in writing, and was annexed to the original lease.

Afterwards, on the 26th day of March, 1869, and before the acceptance of the assignment of the lease by the defendants, plaintiff, the lessor, by a writing attached to the lease agreed and assented to the transfer and assignment, provided the defendants would bind and obligate themselves to perform the covenants contained therein. Thereupon the defendants in writing on the 29th day of March, 1869, by an agreement under seal, promised as follows: "We hereby promise and agree to comply with all the covenants, stipulations and agreements contained in the annexed lease."

The defendants took possession of the leased property, and being in arrears for rent and taxes, this suit was brought by plaintiff to recover the same.

The principal defense made by defendants was that the agreement was not made with the plaintiff, and that they were only assignees of the unexpired term of the lease, and that there was no privity of contract existing between them and the lessor.

The court rendered judgment for defendants and plaintiff appealed.

A preliminary question is raised here, that as no instructions were given there is no point of law saved for this court to pass upon.

The court will not judge of the weight of testimony, but where the evidence consists of written instruments we will look into them to see whether they were intrepreted and construed according to their legal effect. (Waddell, *et al.*, vs. Williams, 50 Mo., 216.)

In the present case there is no contest about the evidence; there is nothing contradictory in it.

The lease and the assignments, together with the defendants' written obligations, constitute the whole of the testimony, and the only thing to be considered, is what effect do they have according to law? There is manifestly nothing in the point, that, because the lessor's name was not inserted in the written obligation executed by the defendants, the undertaking is void, because no promise is named in it. The papers must all be taken together. They form parts of one entire transaction. The lease contains the conditions, the assignment was subject to these conditions, the lessor assented to the assignment with the express understanding that the assignees should assume the burdens and comply with the stipulations contained in the lease. With all these facts before them, the assignees gave their obligation promising full performance.

This was as much an undertaking to observe the conditions and pay the rent and taxes to the lessor, as if the lessor's name had been directly inserted in the writing. Where the papers are all taken together this is its legal effect.

But aside from this, the settled principle of law is, that a person, who receives an absolute assignment of a lease, is liable to the lessors for the rent. This was expressly decided in Smith vs. Brinker, *et al.*, (17 Mo., 148,) and is conclusive in this case.

The judgment of the court below was clearly wrong, and must be reversed, and the cause remanded. The other judges concur.