Board of President and Directors of St. Louis Public Schools, Respondent, *v.* Boatmen's Insurance and Trust Company, Appellant.

| 5 | 91 |
| 34 | 658 |
| 5 | 91 |
| 59 | 273 |
| 5 | 91 |
| 74 | 547 |
| 5 | 91 |
| 93 | ¹539 |

### January 8, 1878.

1. The assignee of a lease is liable for rent only by reason of the privity of estate between him and the lessor, and this privity of estate is the assignee's right of possession under the assignment, and not his actual possession; and, in an action by the lessor against the assignee for rent, the measure of the latter's liability is measured by the extent of his possessory right, and not by the extent of his possession.

2. A lease was made to two persons, one of whom, by deed, assigned his undivided half-interest therein to a third person, who entered into exclusive possession and occupied the whole of the leased premises; the lessor sued the assignee for the amount of rent reserved in the lease. *Held*, that the assignee was liable only for an undivided half.

Appeal from St. Louis Circuit Court.

*Reversed.*

S. Reber, for appellant : The assignee of a lease is liable only by reason of the privity of estate.— Taylor's L. & T. secs. 436, 443 ; *Astor* v. *Miller*, 2 Paige, 68 ; *Van Rensselaer* v. *Jones*, 2 Barb. 653 ; *Weidner* v. *Foster*, 2 Pa. 23. The privity of estate of assignee is his right of possession, not his actual possession.—*Gamon* v. *Vernon*, 2 Lev. 231 ; *Merarou* v. *Dawson*, 5 Barn. & Cress. 482 ; *Stephenson* v. *Lambard*, 2 East, 575 ; *Curtis* v. *Spitty*, 1 Scott, 737 ; *Williams* v. *Bousanquet*, 5 Eng. Com. Law 72 ; 1 Brod. & B. 238.

R. E. Rombauer, for respondent, cited : *Damainville* v. *Mann*, 32 N. Y. 201 ; *Negley* v. *Morgan*, 46 Pa. St. 281 ; *Sanders* v. *Partridge*, 108 Mass. 556.

Bakewell, J., delivered the opinion of the court.

It appears from the agreed statement of facts on which this cause was tried in the court below, that, in 1865, plaintiff leased, by deed, to Truesdale and Keating, certain premises for a term of twenty years, renewable at the option of

the lessees, at $250 yearly for the first ten years, and $1,000 per year for the remainder of the term, the lessees to pay taxes. Other provisions in the lease are set out in the statement, but are immaterial for the purposes of this decision. Keating conveyed his individual half to Taylor, as trustee, to secure a debt; and, in 1867, defendant purchased at trustee's sale, on the foreclosure of the deed of trust, and at once took possession of the entire property; and, until November, 1875, paid all rent reserved by the lease, and all taxes, including those of that year. In November, 1875, the assignee refused to pay more than half of the rent and taxes, and from that time has paid one-half of the rent and taxes, and no more. Truesdale still retains his interest in the premises. The court found for plaintiff for the whole rent in arrear. There is no controversy as to the correctness of the amount found; the only question being whether, under these facts, defendant was liable for the whole amount of rent and taxes, or only for one-half. It is claimed by respondent that the appellant, who is in possession of the entire property as the assignee of one liable to plaintiff for the entire rent and taxes, is itself liable to plaintiff for the entire rent and taxes payable under the lease. Appellant contends, on the other hand, that the assignee, being liable only by virtue of the privity of estate between himself and the lessor, created by the assignment, is liable only to the extent of his estate, which is an undivided half.

In the consideration of this case, we have no aid from direct authority on the very point involved. The precise question seems never to have come up for judicial determination, except in a single instance. In that case, the reported opinion is deprived of the weight that it would otherwise have, from the unfortunate circumstance that, the premises of the learned judge who delivered it being wholly untenable, one is compelled to distrust the conclusion arrived at; which, of course, can only be correct by acci-

dent, and must be erroneous if arrived at by any process of right reasoning.

There can be no question that the assignee of a lease is liable only by the privity of estate between himself and his landlord. Arch. L. & T. 70 ; Smith's L. & T. 292 ; *Hannen* v. *Ewalt*, 18 Pa. St. 1. But it is assumed by the learned judge delivering the opinion in the case referred to (*Damainville* v. *Mann*, 32 N. Y. 197), that perhaps the assignee is not liable by virtue of the privity of estate ; and he puts the liability on the ground of actual possession. It has not, we believe, ever been held that an actual entry under the assignment is necessary to make the assignee liable in respect of assignments by deed, which are regarded as effecting a transfer, not only of title, but also of the legal possession. The acceptance of the assignment creates the liability, and the legal possession which ownership implies is all that is required. Woodf. L. & T. 166, 289 ; Taylor's L. & T. 450–452 ; *Smith* v. *Brinker*, 17 Mo. 148. In *Walker* v. *Reeves*, Doug. 461, note, quoted in the New York case, the question was discussed whether the assignment imposed the obligation to pay rent. Lord Mansfield says that it does ; that the actual possession is immaterial ; and that the possession in law, by the assignment of the title which passed the possessory right, is sufficient. The case was that of a mortgagee who had not taken possession, and it was distinguished from that of an absolute assignee, who was assumed to be liable without entry. Although the cases in which the assignee in bankruptcy is held not liable to pay rent are put expressly upon the ground that an assent to the assignment is necessary to bind him, and the question of actual possession is considered in such cases only as it bears upon this assent (*Turner* v. *Richardson*, 7 East, 335), the learned judge in the New York case asserts that the true grounds of the decision in these cases is the question of possession, which seems to be not the fact.

After quoting a remark by Sheppard, the well-known

author of the Touchstone, in an argument prefixed to the
report of *Webb* v. *Russel*, 3 Term Rep. 394, which he inter-
prets by the light of his peculiar view of the law, the
learned judge boldly concludes that there is no privity of
estate between the lessor and the assignee of the lease,
where there is only constructive possession; and, having
thus found an imaginary resting-place for his feet, he pro-
ceeds to construct thereon a fabric which can have no
greater value than any other poetic fiction, because, like
the stags of Tityrus, it rests on air. He proceeds to argue
that the owner of the other undivided half of the lease in
the case before him, who took by a separate assignment, is
under no obligation to pay rent, not being in possession.
This, clearly, is not the law. Coote's L. & T., and text-
books and cases, *passim*. Yet on the truth of this propo-
sition he proceeds, mainly, to rest the decision of the whole
question. It follows, he says, that defendant in possession
is taking the property of the landlord without any respon-
sibility to him (as if the lessor, before the determination
of the term, had any right to say who shall occupy the
premises); and this, he thinks, is manifestly unjust, be-
cause the assignee in possession, having all that is useful
in the premises, should pay the rent as the condition of his
enjoyment. But why, it may asked, should he pay a rent
which he has never agreed to pay, and which may at the
time of his possession be ten times the actual rental value?
For, having what is useful in the premises, it would seem
that he should only pay what may be shown to be the rea-
sonable value of their use. But that is not the theory of
this action, and is not what the lessor is seeking to recover
from the assignee. However, whilst holding that defendant
is liable, the learned judge says that he adopts this conclu-
sion not without considerable hesitation. We cannot adopt
this conclusion at all; and we think that this case, properly
considered, even tells against respondent in the case at bar.
It seems to be admitted in the opinion, that, but for an

assumption which we cannot but consider as wholly unwar---ranted, the decision should be the other way.

The lessor looks for his rent, not to the person in pos---session, but to the lessee ; and if he rents to two, and by agreement between themselves, or otherwise, one of them has exclusive possession, or if they choose to keep the premises vacant, this in no way concerns the lessor. The relation of landlord and tenant does not exist between the landlord and the mere occupier ; nor can one merely occupying land be sued for rent in an action of debt or covenant. On the other hand, it is nowhere intimated in the books that the assignee is liable on a *quantum meruit*, as for use and occupation. He is liable at the rate fixed by the lease of which he is the assignee. If the rent is not paid, the assignee in possession may be put out ; but we can see no reason whatever why the assignee of an indi---vidual interest in a lease, though in actual possession of the whole premises, should be made to pay the whole rent reserved. Any such rule might work very great hardship in cases that may be easily supposed ; while there seems to be no hardship in holding the assignee in possession liable only according to his interest as shown by the assignment itself. His interest by virtue of the assignment created his liability ; and we do not see why the assignee of an un-divided, and perhaps infinitessimally small, interest should, any more than a stranger, be liable for rent for the whole premises at the rate reserved in the lease, and which, obviously, may be no measure of their actual rental value, merely because his possession is, as it may well be, larger than his interest. If the landlord does not get his rent, he may forfeit the lease and put out any one in possession, whether assignee or sub-tenant.

The reason of the case seems clear. Where a lease is made to two, there is privity of estate and privity of con---tract between lessor and lessee ; by the terms of the con---tract and by virtue of the contract, and not of the privity

of estate, each lessee is liable for the whole rent, though each one has only an undivided half of the estate. Where one of these two men assigns his interest, there is now no privity of contract between the assignee and the landlord; but there is privity of estate; and that privity of estate, and that alone, creates the liability for rent. The liability for rent, in such a case, does not arise from privity of contract, for that is at an end; nor from possession, for it is held, in Missouri (17 Mo. 148) and elsewhere, that possession can never be material in establishing the liability of an assignee of a lease, except so far as it may serve to determine the question of acceptance of the assignment, — that is, the question whether defendant is, in fact, the assignee. The ground of the liability is privity of estate alone. The only question that remains, then, is as to the extent of that privity; and this, we think, is determined by the extent of the estate.

Where a lease is made to two, the lessor and lessee are privies in estate as well as privies in contract. Each lessee is in privity of estate with the lessor as to one undivided half of the leasehold, and no more, because the two halves together make the whole estate. Where one of these lessees assigns, the other lessee remains in privity of estate with the landlord for his half, and it follows that the assignee can be privy in estate with the landlord only for the half which remains. As he is liable by virtue of this privity, it would seem that he should be liable only in proportion to it. As he is privy as to one-half, he should pay rent for one-half, and no more. If the liability of the assignee were for the use and occupation, he would be liable for the reasonable value of such use, independently of the lease; his liability arises from his relation to, not from his use of, the land. So long as he remains assignee, he is liable on the lease to so many of the covenants in the lease as run with the land; when he parts with his estate, he puts an end to his liability under the lease, and this he

may do by assigning to any one. Salk. 199; 3 Burr. 1271; 1 Bl. R. 351. His estate in the land is the ground of his liability; and this estate remains the same, whether he is in possession of all the property leased or a part of it, or has no actual possession at all. Smith's L. & T. 294. Where the assignee holds in severalty, it has never been questioned that he is liable only for the rent of his separate part of the premises; and where he has an undivided interest in the whole leasehold, no reason is apparent for any different rule.

The cases decide that the assignee of the whole premises is liable for the rent of the whole, though only in possession of a part (*Negley* v. *Morgan*, 46 Pa. St. 281); that the assignee of a separate part is liable for rent only of the part assigned (*Astor* v. *Miller*, 2 Paige, 68; 2 Barb. 653; 2 Pa. 23); that rent is due from the assignee of the lease only by virtue of his privity of estate with the landlord (*Taylor* v. *Shum*, 1 Bos. & Pul. 23; 2 East, 575; 2 Lev. 231); — and we see nothing in reason which should lead us to hold, and are referred to no case, except the New York case commented upon above, in which it ever has been held, that the assignee of an undivided interest in a leasehold is liable in proportion to his possession, which does not create the liability, and not in proportion to his estate, which does. We think the learned judge of the court below has given to the New York case a weight to which, though directly in point, and from a court entitled to the highest respect, it is not entitled, and that the ruling in that case should not be followed in Missouri.

What is the privity of estate out of which alone, as all the cases hold, the liability of the assignee of a leasehold springs? It is the title and possessory right. If these pass, the assignee becomes possessed, in law, of the term, and the actual possession is not a question in the case. In a suit against the assignee for rent, it is not necessary to allege entry and possession; and if alleged and traversed, it

may be rejected.    2 Ch. Pl. 243, note *n;* Greenl. on Ev.,
sec. 61, note ; *Turner* v. *Richardson*, 7 East, 336.

Now, what was the title of defendant here? An undi-
vided half.    His possessory right was the same ; his lia-
bility in this action could be no greater, for his possession
was immaterial.    He was not sued for use and occupation,
for the reasonable value of the premises, but he is sued
for the amount which is payable by the terms of the lease.

It was said in *Taylor* v. *Shum*, 1 Bos. & Pul. 22, that if
the assignee of the lease kept possession of the premises, out
of which he made a profit, and assigned to a beggar, he
would thereby completely relieve himself from all liability
for rent as assignee of the term, so strongly is it held that
the liability is only by reason of the privity of estate, and
not at all by reason of the possession.    It is true that in
*Negley* v. *Morgan*, 46 Pa. St. 281, where the assignee of the
term assigned his interest on September 28, for the pur-
pose of avoiding liability for rent falling due on October
1, remaining in actual possession of the premises himself
until the day the rent was due, the court, whilst holding
that the assignee was liable by reason of privity of estate
alone, and therefore liable only for breaches of covenants
running with the land occurring whilst the privity continues,
held that the privity was not absolutely destroyed by such
an assignment ; but this seems to have been on the ground
that such an assignment, so made, was no *bonâ fide* transfer
of the right to possession and enjoyment.    For the court
says in its opinion, and quotes the leading cases which so
hold, that it is the right to possession which constitutes the
privity of estate ; and it could not say otherwise without
overruling all the Pennsylvania cases on the subject.

We are of opinion that the defendant, as assignee of an
undivided half of the lease in question, though in possession
of the whole premises, is liable, not by reason of his actual
possession, but by reason of his title and possessory right,—
that is, by virtue of the privity of estate between himself

and the lessor; that his liability is to be measured solely by the extent of that estate, which is an undivided one-half only, according to the agreed case.

The judgment of the Circuit Court is reversed. All the judges concur.

On motion for rehearing, BAKEWELL, J., delivered the opinion of the court.

This case is one of first impression in Missouri. Counsel for respondent moves for a rehearing. And that learned counsel may be satisfied, at least, that we do not misunderstand his position, and that we by no means think that he rested his case upon *Damainville* v. *Mann*, which has proved a treacherous plank, we will briefly state what is suggested to us by his argument in support of this application.

It is not claimed by counsel that actual possession of the entire premises was essential to make defendant chargeable with the entire rent; but it is claimed, nevertheless, that, as the tenancy in the case at bar was *per tout* as well as *per my*, therefore, the possessory right and the title, — that is, the privity of estate between landlord and assignee, — was of the whole, and as, confessedly, the liability is equal to the privity of estate, the liability of the assignee of this undivided one-half interest was for the whole rent. We understand the argument, but we do not assent to it.

It is true, as suggested by counsel for respondent, that one of two to whom the premises have been leased, occupying the leased premises, as he has an undivided interest in the whole, is not liable to his co-tenant for rent. He holds *per tout*, by the whole, as well as *per my*, by the half; and if he is in actual occupancy, and in sole actual occupancy, as he has an undivided interest in the whole, he necessarily occupies the whole, though his possessory right and title is, nevertheless, only to a half, — that is, to an undivided half, — which he cannot actually and personally have

without having the whole. He cannot keep his co-tenant out; he must allow his co-tenant to enter whenever he chooses; and if the co-tenant is ousted, he may recover possession of his share. But if one co-tenant rents the whole premises, he is accountable as receiver. And though, for the purposes of tenure, each co-lessee has the whole and every part, yet, for the purposes of alienation, each has only his own share. But to render one co-tenant liable to another for rent, or for use and occupation, there must be something more than an occupancy by one and a forbearance to occupy by the other; because the tenant who merely occupies the estate does no more than he has a perfect right to do on his own account; not, however, as against his co-lessee, who has an equal right to occupy the whole. But all these questions, whilst they arise between the tenants themselves, in nowise concern the landlord. So far as privity of estate goes, the two lessees are in privity of estate with the landlord for the whole; and they are also each one bound by privity of contract for the whole rent, whether both occupy or only one, or whether the premises are not actually occupied at all. If, as in the case at bar, one of the co-lessees assigns, the assignee no longer maintains to the landlord the same relation as did the original lessee and assignor. The covenant to pay rent runs with the land, and follows the estate into the hands of the assignee, to the extent only of the interest assigned. The assignee is bound to the landlord because of the privity of estate created by the assignment. The landlord may sue the assignor, the original lessee, on his contract, or he may sue the assignee, as he chooses. In neither case does he sue for use and occupation, but brings debt for rent: in one case on contract; in the other, on the privity of estate. *Devereux* v. *Barlow*, 2 Salk. 181.

The estate — that is, the title and possessory right of the lessee who holds by the half and by the whole — is in the present case assigned. What estate is assigned? The

whole estate? Not at all. For an undivided moiety is outstanding in the co-lessee, who did not assign, and who also holds by the half and by the whole, the assignee being liable in this action only by virtue of his privity of estate. Now, let us suppose the other co-lessee had also assigned. This assignee, on accepting the assignment, would also be liable,—only by virtue, however, of his privity of estate. But if each were liable for the whole rent by virtue of his estate, then is the estate doubled. The two halves make the whole estate, and each tenant has only an undivided half of the whole, and this is the extent of his title and of his possessory right. And though, in respect of his companion, each is seized of the whole, yet for the purpose of alienation, and in other respects, he is seized only of his undivided half. And so Coke says: "Albeit they are so seized [*per my et per tout*], yet to divers purposes each of them hath but a right to a moiety, as to enfeoff, give, or demise, or to forfeit, or lose by default in a *præcipe* (because one joint tenant may lose his part by his misplea). And Littleton afterwards, in this chapter, says that one joint tenant hath one moiety in law, and the other the other moiety." Co. Lit., secs. 193, 288, 291. This is the extent of the estate of a joint tenant, and of the co-lessee in this case ; and for the reasons already given, his liability should, we think, be measured by it. 4 Kent's Comm. 360, note.

The motion is overruled. All the judges concur.