H. A. GUINZBURG, Appellant, v. JULIUS CLAUDE, Respondent.

St. Louis Court of Appeals, December 20, 1887.

1. LEASES—LANDLORD AND TENANT—LIABILITY OF ASSIGNEE OF LEASE. The assignee of a lease becomes responsible for rent by reason of privity of estate and not by reason of his occupancy of the premises under the lease.

2. ——— ASSIGNMENT, HOW DETERMINED. — An assignment may, in some cases, be inferred from exclusive occupancy, but in the absence of direct or inferential evidence of such assignment the occupant is not liable to the landlord upon a lease made to a third person.

3. ——— PARTNERSHIP. — A person may become responsible upon a lease made to his co-partner, but only where such lease has become a partnership asset in some manner.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

KRUM & JONAS, for the appellant: In order to bind persons as partners it is unnecessary to show the part-

nership. It is sufficient to prove that they held themselves out as partners. Story on Partnership (6 Ed.) secs. 64–5; *Rippey v. Evans*, 22 Mo. 157; *Gates v. Watson*, 54 Mo. 585; *Rimel v. Hayes*, 83 Mo. 200. And the same principle applies with respect to their liability as assignees of a lease. *Carter v. Hammett*, 12 Barb. 262. If the acts and declarations of these parties constitute, with reference to the appellant, a co-partnership, then each partner within the scope of the co-partnership business was the agent of the other. Story on Partnership (6 Ed.) sec. 1; *Pomeroy v. Benton*, 57 Mo. 545; *Keck v. Fisher*, 58 Mo. 535. If the respondent was in possession, of the premises leased to Painter, and was doing business therein; or if he held himself out to the world, by his acts and declarations (as assignee of the lease) he is to be considered as such assignee. *Ebling v. Fuylein*, 2 Mo. App. 252; 2 Taylor's Landlord and Tenant (8 Ed.) sec. 429, pp. 5–6; *Acker v. Witherell* 4 Hill, 112; *Carter v. Hammett*, 12 Barb. 262; s. c., 18 Barb. 610.

MARTIN, LAUGHLIN & KERN, for the respondent: An assignment which makes an assignee liable for rent must be an assignment of the whole interest and estate of the lessee. *Smith v. Brinker*, 17 Mo. 148.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff, on September 9, 1885, executed a written lease of certain premises to one A. L. Painter, for a term of six months and twenty-two days, expiring March 31, 1886. The rent reserved was at the rate of one thousand dollars per annum, payable in monthly installments of $83.35, in advance, for each month. The lease contained a covenant on the part of the lessee not to assign or underlet without the written consent of the lessor. This action is for rent upon the lease for the last three months of the term.

Several weeks after the execution of the lease Painter informed the plaintiff that he had formed, or was about to form, a partnership with the defendant, and

asked the plaintiff whether he would consent to a joint occupancy of the premises by himself and the defendant as a co-partnership, and the plaintiff orally assented. Three monthly installments of the rent were paid. On December 10, 1885, Painter returned the keys to the plaintiff's office and left the premises, and they were not thereafter occupied either by himself or by the defendant. The plaintiff was not in the city when the keys were thus left, but immediately upon his return he addressed a letter to Painter to the effect that he refused to release him from the lease entered into, and would hold him for the rent.

Painter, it seems, had left the city at that date and could not be found. The defendant's office was close to that of the plaintiff, and the plaintiff saw the defendant frequently thereafter, but never mentioned to him anything about the lease, nor did he ever intimate to him that he intended to hold him responsible for the rent, prior to the institution of this suit, which took place July 13, 1886, and several months after the expiration of the term.

There was evidence tending to show that the defendant held himself out to the world as a partner of Painter, which evidence was not controverted. There was also evidence consisting of his admissions to third parties that he was such partner, which was denied by the defendant. There was no evidence that the plaintiff extended any indulgence to Painter on the faith of the supposed co-partnership; on the contrary, he testifies himself that he trusted Painter alone, whom he considered as the capitalist of the firm.

This statement of the case is as favorable to the plaintiff as the record will admit. The cause was tried by the court sitting as a jury and there was a judgment for the defendant.

The court made the following declarations of law :

"1. The court declares the law to be that Claude is not liable to the plaintiff for the rent reserved in the lease to Painter, unless he became an assignee in respect

of said lease, or unless said lease was assigned to a firm or partnership of which said Claude was a member."

"2. If, as between Painter and Claude, there was no partnership, then no interest in said lease could pass to Claude by virtue of a holding forth under a firm name, so far as the claim of the plaintiff is concerned."

"3. Even though a partnership may have existed between Painter and Claude, nevertheless Claude would not be liable for the rent in said lease by virtue of his said partnership, unless said lease became vested in said partnership as a part of its assets and property."

And the only error complained of is, that such declarations are incorrect and inconsistent.

Where declarations of law are made by a court sitting as a jury, in a case presenting a substantial controversy as to facts, they become important, in determining the theory of the court's finding. But where there is no substantial controversy as to the facts, as in this case, they have no office to perform.

It is not pretended that the defendant was a partner, or held himself out as such, when the lease was made. His liability, if any, can arise only from his becoming its subsequent assignee. But there is no evidence of a subsequent express assignment, nor evidence that the lease ever became a partnership asset, from which fact an assignment to the partnership might be implied. The defendant could not become liable as assignee by reason of his occupancy even if such were shown, because the assignee of a lease is liable only by privity of estate and not by reason of occupancy, as was determined by this court, upon very full argument, in *Board of Public Schools v. Boatmen's Ins. & Trust Co.* (5 Mo. App. 91). The case of *Wilgus v. Lewis* (8 Mo. App. 341) was a case of holding over, and the remark of Judge Bakewell, at the close of the opinion, was purely *obiter*, as no such point was made either here or in the trial court.

Judge Story says that if a contract is made by one

partner upon his own exclusive credit, he alone is liable therefor, and the partnership, although the money, property, or other contract is for their proper use and benefit, or is applied thereto, will in no manner be liable therefor. Story on Part., sec. 134. This proposition is affirmed in *Farmers' Bank v. Bayless* (35 Mo. 437), and excludes the theory of a liability on the defendant's part on the sole ground that the lease was used for the benefit of the firm.

There is no evidence that the defendant held himself out as assignee of the lease, as in *Carter v. Hammett* (12 Barb. 263), where there was an actual transfer, though no written assignment. Neither is there evidence that he was at any time in exclusive possession of the premises, from which fact, as stated in *Acker v. Witheral* (4 Hill, 112), if unexplained, an assignment might be inferred.

It will thus appear that the finding of the court was for the right party, and its judgment must be affirmed. All the judges concurring, it is so ordered.