LAURA LINDSLEY, Appellant, v. JOSEPH SCHNAIDE BREWING COMPANY, Respondent.

St. Louis Court of Appeals, November 7, 1894.

1. **Assignment of Lease:** ASSUMPTION OF OBLIGATIONS OF LESSEE BY ASSIGNEE. An agreement between a lessor and an assignee of the lease, by which the former assents to the assignment subject to all the covenants in the lease, and the latter accepts the assignment with all its responsibilities, amounts to an assumption by the assignee of the covenants of the lessee, and therefore obligates him to perform those covenants after the termination of all privity of estate between the lessor and himself.

2. ———: ———: CONSIDERATION. The assent by a lessor to an assignment of a lease is a sufficient consideration for covenants by the assignee, when such assent is requisite to the validity of the assignment.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED *(with directions).*

*J. E. Hereford* for appellant.

*Fidelio C. Sharp* and *H. A. Haeussler* for respondent.

ROMBAUER, P. J.—We are called upon to apply the law to the following conceded facts: The plaintiff in September, 1884, by an instrument under seal let certain premises to Kernan & Bowles for a term of ten years from November 1, 1884. The lease contained a covenant to pay certain annual rents in monthly installments, and also a covenant against the assignment of any part of the premises by the lessees under penalty of forfeiture. In November, 1884, Kernan & Bowles

transferred the lease to the defendant by a transfer under seal, and at the date of such transfer the following memorandum was indorsed upon the lease and signed and sealed by the plaintiff and defendant respectively, November 15, 1884:

"I hereby assent to the transfer of above lease from John J. Kernan and John R. Bowles to Joseph Schnaider Brewing Company, subject to all covenants in said lease contained, and the said Joseph Schnaider Brewing Company accepts the transfer with all its responsibilities."

The defendant never went into physical possession of the premises otherwise than by subletting them. It assigned the lease in 1890 to one Mick, who, in March, 1894, assigned it to one McMackin. The defendant and Mick promptly paid the rent up to and including December, 1893, but all receipts executed by the plaintiff were made out in the name of the defendant, and the plaintiff always looked to the defendant for the payment of rent, and refused to recognize any other party as assignee. The rent becoming due in and after January, 1894, was tendered to the plaintiff by Mick and McMackin, on condition that the plaintiff would execute receipts to them. This the plaintiff declined to do. The assignees refusing to pay rent on other terms, the plaintiff instituted this suit against the defendant to recover five months' rent for January, 1894, and thereafter, claiming that under the terms of the assignment made to it November 15, 1884, the defendant became by privity of contract bound to pay the entire rent of the term to the plaintiff. These facts appearing upon the trial, the court rendered judgment in favor of the defendant. Hence this appeal.

The defendant's contention is that the memorandum of November 15, 1884, does not contain any promise on its part to the plaintiff to pay the rents, and

that, even if it did contain such promise, it is not enforceable for want of consideration to support it.

The liabilities of an assignee of a lease to pay rent to the lessor, after such assignee has parted with the possession of the premises let, is not quite clear upon the authorities in this state. In *Smith v. Brinker*, 17 Mo. 148, it was held that a person who receives an absolute assignment of a lease is liable, whether he enters into possession or not. This view was reaffirmed in *Willi v. Dryden*, 52 Mo. 319. But neither of these cases passes upon the proposition, whether the assignee is so liable after he has parted with his interest in the premises by a further assignment, having neither the possession nor right of possession left. Other cases base the assignee's liability under such circumstances on his right of possession, and not on his actual possession. *Board of Public Schools v. Boatmen's Insurance Company*, 5 Mo. App. 91. Whatever the law may be on that subject, it is clear that the assignee may by contract between himself and lessor bind himself to the full performance of all the covenants of the lease, irrespective of the fact whether he parts with the title thereafter by a further assignment, or whether he ever entered into possession himself.

The question, therefore, which is decisive of the case at bar, is the proper interpretation of the memorandum of November 14, 1884, and whether the contract entered into by such memorandum is supported by a sufficient consideration to bind the defendant to the performance of all the covenants of the lease during the residue of the term, regardless of a subsequent assignment of the lease by the defendant during the term. That the memorandum is an independent contract, if supported by a sufficient consideration, can not be gainsaid. The seal affixed to the contract

furnishes technical consideration. The fact, however, that it was at the option of the plaintiff at the date of the assignment to consent to the assignment or not, and that the plaintiff consented to the assignment presumably on the faith of this independent contract, furnishes the substantial consideration. In this respect the case is wholly different from *Dougherty v. Matthews*, 35 Mo. 520, where neither the lease, assignment, nor promise was under seal, and where the lessor, having consented to a former assignment without terms, had no right to exact terms from the second assignee.

The question as to the true interpretation of the memorandum still remains. In *Willi v. Dryden, supra*, the memorandum executed by the assignee read: "We hereby promise and agree to comply with all the covenants, stipulations and agreements contained in the annexed lease." Here the memorandum recites that the tranfer is subject to all the covenants in said lease contained, and accepted by the defendant with all its responsibilities. Responsibilities for what? For the faithful performance of the covenants of the lease of which the payment of rent was one. Any other reading of the memorandum would be devoid of meaning, taking into consideration the situation of the parties. The fact that the lessor is not named as a promisee in the memorandum is immaterial, and this was so ruled in *Willi v. Dryden*. The responsibilities can not refer to the responsibilities cast by the law upon the assignee and arising from a privity of estate, because the memorandum refers to the contract and to the responsibilities as fixed by that.

We must conclude, therefore, that the memorandum established a privity of contract between the plaintiff and defendant, which could be terminated only by the joint action of both parties. As it is not claimed that any subsequent act of the *plaintiff* discharged the

defendant's liability, the defendant is liable for the rent sued for.

The judgment is reversed, and the cause remanded to the trial court with directions to ender judgment for plaintiff. All the judges concur.