SOUTH LAKEVIEW PLAZA,
Plaintiff-Respondent,

v.

CITIZENS NATIONAL BANK OF
GREATER ST. LOUIS,
Defendant-Appellant.

No. 49661.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 31, 1985.

L. Joseph Garavaglia, St. Ann, for defendant-appellant.

Patrick H. Gadell, St. Louis, for plaintiff-respondent.

SNYDER, Judge.

Citizens National Bank of Greater St. Louis appeals from a judgment entered in favor of South Lakeview Plaza after submission of the case to the trial court on stipulated facts with exhibits attached. The judgment is affirmed.

South Lakeview (Lessor) entered into a written lease dated October 10, 1980, for rent of a building it owned in St. Louis County to Coates Restaurant, Inc., d/b/a Philly Mignon Restaurant (Restaurant) for a ten-year term. The lease prohibited any assignment of the lease without the prior written consent of the Lessor. The lease agreement also provided that any assignment made by the Lessee "shall not become effective until the assignee, in a writing in recordable form shall assume this Lease and agree to perform and be bound by all the obligations of Lessee accruing under this lease ... and a fully executed and acknowledged copy of such assignment and assumption is served on Lessor."

On June 6, 1980, Restaurant applied to Citizens National Bank of Greater St. Louis (Bank) for a $95,000 loan which the Small Business Administration agreed to guarantee on the condition that the lease be assigned to Bank. Approximately $37,000 of the loan proceeds was allocated for machinery and equipment; $58,000 for leasehold improvements; and the balance, if any, for operating expenses of the business. Restaurant subsequently assigned its lease to Bank by a writing executed by both parties on June 5, 1981. The assignment, drafted by the Bank, provided in part:

> And the party of the second part [Bank] does hereby in consideration of this assignment, assume all the obligations and covenants of said lease and the payments to be made thereunder.

Lessor, as owner of the real estate, also signed the form stating it consented to the assignment. Sometime later Bank attempted to amend the assignment by striking the sentence relating to the assumption by it of all obligations and covenants of the lease. The amendment was never presented to Lessor for ratification and has, in fact, never been ratified by Lessor.

Following Restaurant's breach of the lease by vacating the premises and failing to pay rent due from September 1, 1981 through December 1, 1981 ($5,212.72), Lessor demanded in writing the rental payments from Bank. Bank refused to pay because it had never taken possession of the premises or exercised any of its rights under the lease assignment.

■ In a court tried case upon a stipulation of facts, the only question before a reviewing court is whether the trial court drew the proper legal conclusions from those facts. *Miskimen v. Kansas City Star Co.*, 684 S.W.2d 394, 398[1] (Mo.App. W.D.1984). This court may address only the legal consequences of the stipulated facts and submitted exhibits. *Id.*

The trial court found against the Bank and in favor of Lessor stating that "[i]t is clear that Coates Restaurants, Inc. and Defendant [Bank] intended the June 5, 1981 Assignment to be additional collateral security for the Restaurant's indebtedness. However, the assignment was absolute and unconditional and was not by way of a mortgage.... Plaintiff [Lessor] is entitled to judgment against Defendant [Bank]."

■ In Bank's first point it asserts the trial court erroneously applied the law in finding for the Lessor because the evidence established the absence of mutual assent among the parties and no contract of assignment had been formed. In its second point, assuming *arguendo* the existence of an assignment, Bank maintains the evidence reflects the parties' intention that the assignment was conditional.

Bank candidly agrees that the written assignment is clear and unambiguous, but argues no valid contract of assignment was formed because the parties did not agree to an essential term, i.e. that the Bank be liable for rental payments.

The original lease clearly expressed the Lessor's intent that any assignment of the lease required Lessor's prior written consent and that an assignee agree to perform and be bound by all obligations accruing under the lease. The assignment was expressly made subject to all the covenants and obligations contained in the lease, including the payment of rent. Furthermore, the Bank drafted the assignment.

The lease contains the conditions, the assignment was subject to these conditions, and the Lessor assented to the assignment and relied on the express understanding that the assignees would assume the burdens and comply with the stipulations contained in the lease. *Accord Willi v. Dryden*, 52 Mo. 319, 322 (1873). This was as much an undertaking to observe the conditions and pay rent to the Lessor, as if the Lessor's name had been directly inserted into the writing. *Id.* Bank's first point is denied.

In Bank's second point it contends that the assignment, if valid, was conditional. Bank emphasizes the trial court determination that the parties intended the assignment to be additional collateral security for Restaurant's indebtedness. Bank argues this finding reflects that the parties intended only a mortgage, not an absolute assignment.

■ The mortgage of a leasehold estate in itself does not effect an assignment.

*McKee v. Angelrodt*, 16 Mo. 283 (1852). Missouri follows the New York doctrine that a mortgage being a mere security, the mortgagee does not stand in the position of an assignee until a mortgagee enters into possession of the leasehold estate. *See* Annot, 73 A.L.R.2d 1118, 1125 (1960).

■ A person who receives an absolute assignment of a lease, however, is liable to the lessors for the rent, whether he enters into possession or not. *Smith v. Brinker*, 17 Mo. 148, 149 (1852). In *McMorris v. Keeley Real Estate Co.*, 147 Mo.App. 667, 127 S.W. 411, 413 (1910), the court indicated that where an assignment is in fact accepted by the assignee to whom it is given, the assignment is absolutely effective regardless of the purpose of the assignment, the only exception to this rule being where reassignment is fraudulent or otherwise "colorable." The assignee becomes contractually bound upon acceptance of the assignment "subject to all covenants in the lease" when the assignment contains this express language. *Geyer v. Denham*, 231 S.W. 61, 62–63 (Mo.App.1921); *see Lindsley v. Schnaide Brewing Co.*, 59 Mo. App. 271 (1894). By privity of contract, regardless of privity of estate, the assignee is liable in this case.

Regardless of the trial court's determination that the parties intended the assignment to be additional collateral security for the Restaurant's indebtedness creating in effect a mortgage, the parties executed an absolute, unambiguous contract of assignment which is legally binding.

The Lessor's intent to protect its property interest both in its careful drafting of the initial lease and also in monitoring assignments during the existence of the leasehold term is patent. Had no contract of absolute assignment been executed, this court would follow *McKee*, 16 Mo. 283 but the execution of this unambiguous and unconditional assignment instead of only a mortgage transaction distinguishes *McKee* from the facts of this case.

The Bank and Restaurant's later attempt to alter the assignment by removing the language creating the unconditional assign-

ment without notice to the Lessor was ineffective against the Lessor and did not destroy the intent of the parties when they executed the assignment originally.

In conclusion Lessor asks that the attorney's fees incurred in responding to this appeal be taxed against Bank. If an appeal is determined to be frivolous, damages may be awarded as we deem just and proper. Rule 84.19. Obviously this appeal was not frivolous. The request is denied.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.